UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JAMES BLAKE,<br><br>           Petitioner,<br><br>v.<br><br>J. TIM OCHOA, WARDEN,<br><br>           Respondent. | Case No. 12-CV-2251-MMA(JMA)<br><br>**REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. No. 15]** |

**I.      INTRODUCTION**

Petitioner Melvin James Blake (hereafter "Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereafter "Petition") challenging the Governor's August 1, 2011 decision to reverse the Board of Parole Hearing's grant of parole. Petitioner contends federal habeas relief is proper because the Governor's decision was an unreasonable determination of the facts in light of the evidence presented. (Petitioner's Traverse at

3.)[1]   Respondent J. Tim Ochoa, Warden (hereafter "Respondent") moves to dismiss the Petition. (Motion to Dismiss.) Respondent argues the Petition must be dismissed because it does not set forth a cognizable claim for federal habeas corpus relief. (Id. at 1.)

The undersigned has reviewed the Petition, Respondent's Motion to Dismiss, and Petitioner's Opposition to the Motion to Dismiss. Based on the pleadings and for the reasons set forth below, the undersigned RECOMMENDS Respondent's Motion to Dismiss be GRANTED and the Petition be DISMISSED with prejudice.

**II.   FACTUAL & PROCEDURAL BACKGROUND**

In 1976, Petitioner was convicted of first degree murder in San Diego Superior Court. (Order Transferring Action at 1.) Currently, he is serving a sentence of life imprisonment at Chuckawalla Valley State Prison. (Id.) On March 4, 2011, Petitioner appeared before the Board of Parole Hearings for a subsequent parole consideration hearing. (Pet., Doc. No. 1-1 at 20.)[2] The Board of Parole Hearings found Petitioner suitable for parole. (Id., Doc. No. 1-3 at 12-19.) However, on August 1, 2011, Governor Brown reversed the decision of the Board of

---

[1] Petitioner entitled the document "Petitioner's Traverse." However, the Court construes the document as Petitioner's Opposition to Respondent's Motion to Dismiss.

[2] All references to the record are to the Court's ECF pagination, unless otherwise noted.

Parole Hearings and denied parole under California Penal Code § 3041.2.[3] (Id. at 21-24.)

Petitioner filed a Petition for Writ of Habeas Corpus challenging the Governor's decision in San Diego County Superior Court. On October 5, 2011, that court denied the petition. (Id. at 26-32.) Petitioner subsequently filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. (Petitioner's Opposition to Motion to Dismiss at 2.) The California Court of Appeal denied that petition without an opinion. (Id.) Finally, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. The California Supreme Court summarily denied that petition. (Id.)

On August 6, 2012, Petitioner filed the Petition for Writ of Habeas Corpus that is now before this Court. Although the Petition raises five claims (see Pet., Doc. No. 1 at 5-6), Petitioner summarizes them as stating the two following claims: (1) violation of his due process rights when the Governor reversed his parole grant based upon an unreasonable determination of the facts in light of the evidence presented, and (2) the Governor's decision denying parole was not supported by sufficient evidence that Petitioner poses an unreasonable risk of danger to society. (Petitioner's Opposition to Motion to Dismiss at 3.)

---

[3] Penal Code section 3041.2 authorizes the Governor to review parole decisions of the Board of Parole Hearings concerning persons sentenced to an indeterminate term upon conviction of murder. Cal. Penal Code § 3041.2.

Respondent moves to dismiss the Petition on the ground that it fails to state a cognizable federal claim for federal habeas corpus relief. (Motion to Dismiss at 1.)

### III. STANDARD OF REVIEW

The Petition is governed by 28 U.S.C. § 2254, as amended by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 2254(a) sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1-2).

Under § 2254(a), a federal court may issue a writ of habeas corpus to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws

or treaties of the United States." See, e.g., Swarthout v. Cooke, 562 U.S. ----, 131 S. Ct. 859, 861 (2011); Wilson v. Corcoran, 562 U.S. ----, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). The Supreme Court has continually held that "federal habeas corpus relief does not lie for errors of state law." See, e.g., Cooke, 131 S. Ct at 861; Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). See Williams v. Taylor, 529 U.S. 362, 399, 403 (2000). Under section 2254(d)(1), "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" See, e.g., Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (citing Taylor, 529 U.S. at 405-06). Under § 2254(d)(2), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Lockyer, 538 U.S. at 75 (citing Taylor, 529 U.S. at 413). The Supreme Court has clarified that even an erroneous or incorrect state court application of clearly established law is insufficient for a habeas

grant, unless the state court's application was "objectively unreasonable." Lockyer, 538 U.S. at 75.

When there is no reasoned decision from the state's highest court, a federal habeas court "looks through" to the underlying appellate court decision. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," the federal habeas court must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 981-82 (9th Cir. 2000) (overruled on other grounds by Lockyer, 538 U.S. at 75-76). A state court need not cite Supreme Court precedent when resolving a habeas corpus claim. Early v. Packer, 537 U.S. 3, 8 (2002). Absent citations to Supreme Court precedent, habeas relief is not merited if the state court decision neither contradicts the reasoning nor the result of Supreme Court holdings. Id.

**IV. DISCUSSION**

Petitioner claims that habeas relief is proper based on a violation of his due process rights in connection with the Governor's decision to deny parole. Petitioner accuses the Governor of continued reliance on unchanging circumstances, i.e., the gravity of his commitment offense, and of unreasonably determining that Petitioner still constitutes a danger to society. (Pet., Doc. No. 1

at 22-38.) Petitioner's contentions are premised on the Governor's decision being an unreasonable application of California's "some evidence" standard.

The Supreme Court has stated many times that federal habeas corpus relief is not available to correct alleged errors in a state court's application or interpretation of state law. See, e.g., Cooke, 131 S. Ct at 861[4]; Estelle, 502 U.S. at 67 (quoting Jeffers, 497 U.S. at 780). The Ninth Circuit interpreted the Cooke holding as providing that "there is no substantive due process right created by California's parole scheme." Styre v. Adams 645 F.3d 1106, 1108 (9th Cir. 2011). Since a "mere error of state law" is not a denial of due process, the only federal right at issue in a parole context is procedural. Cooke, 131 S. Ct at 863; see also Estelle, 502 U.S. at 67-68. Therefore, in deciding a federal due process claim, the federal court must look to the process the Petitioner received, not to the merits of the Governor's decision. Cooke, 131 S. Ct at 863.

---

[4] In Cooke, one of the two petitioners was convicted of first-degree murder and sentenced to imprisonment for seven years to life with the possibility of parole. In 2003, the parole board granted the petitioner parole, but the Governor exercised his authority and reversed the parole grant. The Governor cited the gravity of the petitioner's crime along with his criminal history, failure to participate in self-help programs, and propensity for substance abuse. The petitioner exhausted his state court remedies before the District Court granted habeas relief. The Ninth Circuit affirmed the holding that the Governor's decision was an unreasonable application of California's "some evidence" rule and was an unreasonable determination of the facts in light of the evidence presented. The Supreme Court reversed, holding that there was no federal due process violation. Cooke, 131 S. Ct. at 861.

In Cooke, the Supreme Court engaged in the standard analysis under the Due Process Clause, which proceeds in two steps: (1) whether there exists a liberty or property interest of which a person has been deprived, and if so, (2) whether procedures followed by the State were constitutionally sufficient. Cooke, 131 S. Ct at 861. The Supreme Court left intact Ninth Circuit precedent that California law creates a liberty interest in parole. Id. Therefore, the Due Process Clause requires fair procedures for its vindication. Id. at 861-62.

Federal due process procedures in the context of parole are minimal. See id. at 862; Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). The Supreme Court has held that adequate process for a prisoner subject to a parole statute similar to California's is allowing an inmate the opportunity to be heard and providing the inmate with a statement describing the reasons why parole was denied. Greenholtz, 442 U.S. at 16. In Cooke and Greenholtz, the Supreme Court held that the Constitution does not require more than these protections. Cooke, 131 S. Ct at 862; Greenholtz, 442 U.S. at 16.

Petitioner appeared before the California Board of Parole Hearings on March 4, 2011. (Pet., Doc. No. 1-1 at 20.) At the parole hearing, Petitioner was given the opportunity to be heard and to contest the evidence against him. (Id., Doc. No. 1-1 at 20 to Doc. No. 1-3 at 20.) Also, the Governor provided Petitioner with a state-

ment of reasons why his parole was denied. (Id., Doc. No. 1-3 at 22-24.) The Governor based his decision to reverse the Parole Board's parole grant partially on the evaluation of a psychologist who examined Petitioner, and Petitioner's "high and "moderate" chances of recidivism. (Id. at 22-23.) The Governor further based his decision on the following: the Petitioner's lack of insight on his underlying crime of murder, his insufficient participation in self-help programs, and his lack of well-considered parole plans. (Id.) Petitioner does not dispute receiving the procedural protections afforded to him by federal due process. Since the Petitioner was afforded the procedural protections required by federal due process as established in Greenholtz and Cooke, there is no cognizable claim set forth for federal habeas corpus relief.

Therefore, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED and the Petition be DISMISSED with prejudice.

## V.    CONCLUSION

After a review of the record in this matter, the undersigned Magistrate Judge finds that Petitioner has not established a claim for federal habeas corpus relief under the applicable legal standards. Therefore, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED and the Petition be DISMISSED with prejudice.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than July 17, 2013, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than July 31, 2013.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d. 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   June 26, 2013

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Jan M. Adler
　　　　　　　　　　　　　　　　U.S. Magistrate Judge