# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JAMES BLAKE,<br><br>Petitioner,<br><br>vs.<br><br>J. TIM OCHOA, Warden,<br><br>Respondent. | CASE NO. 12cv2251-MMA (JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 17]<br><br>**OVERRULING PETITIONER'S OBJECTIONS;**<br><br>[Doc. No. 18]<br><br>**GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 15]<br><br>**DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE;**<br><br>[Doc. No. 1]<br><br>**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

Petitioner Melvin James Blake, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to Title 28 of the United States Code, section 2254, challenging the decision of California Governor Jerry Brown to reverse the grant of parole by the California Board of Parole Hearing. *See Petition*,

Doc. No. 1.  Respondent J. Tim Ochoa, warden of Chuckawalla Valley State Prison, filed a motion to dismiss the petition on the grounds that it does not set forth a cognizable claim for federal habeas corpus relief.  *See Motion*, Doc. No. 15.  Petitioner opposed the motion.  *See Traverse*, Doc. No. 16.  The matter was referred to United States Magistrate Judge Jan M. Adler for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule HC.2.  Judge Adler has issued a well-reasoned and thorough report recommending that the Court grant Respondent's motion and dismiss the petition.  *See R&R*, Doc. No. 17.  Petitioner objects to Judge Adler's findings and recommendation.  *See Objections*, Doc. No. 18.  For the reasons set forth below, the Court **OVERRULES** Petitioner's objections and **ADOPTS** Judge Adler's report and recommendation in its entirety.

## DISCUSSION

### *1.  Standard of Review*

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### *2.  Analysis*

Petitioner raises two grounds for relief in his petition.  First, he claims that Governor Brown's decision reversing the parole board's suitability finding is based on an unreasonable determination of the facts in light of the evidence presented to the board.  Second, Petitioner argues that Governor Brown failed to articulate a rational nexus between the original offense characteristics and the risk to the public currently posed by Petitioner.  As Judge Adler correctly concludes, these claims are foreclosed by the Supreme Court's decision in *Swarthout v. Cooke*, 131 S. Ct. 859, 863, 178 L. Ed. 2d 732 (2011) (holding that "the responsibility for assuring that the

constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business").

Petitioner objects in general to Judge Adler's findings and recommendation. Specifically, Petitioner argues that his due process rights were violated because he was not afforded the opportunity to rebut Governor Brown's decision reversing the parole board. After the Supreme Court's holding in *Swarthout*, the Ninth Circuit explained that "[d]ue process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard and . . . a statement of the reasons why parole was denied.'" *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011), quoting *Swarthout*, 131 S. Ct. at 862 (omission in original). Petitioner concedes that he received this opportunity; the transcript from his parole hearing conclusively establishes this fact. Petitioner was also provided directly with a written copy of Governor Brown's decision, which stated the reasons why the governor reversed the parole board's suitability finding. And the Ninth Circuit has made it clear that "the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision." *Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011). In sum, Petitioner received the full process he was due.

### CERTIFICATE OF APPEALABILITY

A district court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. Rule 11(a) of the RULES GOVERNING SECTION 2254 CASES. Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner has not made this showing. Accordingly, the Court declines to issue a

certificate of appealability.

## CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation in its entirety, **GRANTS** Respondent's Motion to Dismiss, and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus with prejudice. The Court **DECLINES** to issue a certificate of appealability.

The Clerk of Court shall terminate this case and enter judgment in favor of Respondent.

**IT IS SO ORDERED**.

DATE: August 1, 2013

HON. MICHAEL M. ANELLO
United States District Judge